887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Will C. FEASTER, Plaintiff-Appellant,
Robert Renshaw, Plaintiff,
v.
SOCIAL SECURITY ADMINISTRATION, Defendant-Appellee.
 No. 89-3514.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1989.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges and WILLIAM O. BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff has filed a motion for appointment of counsel in this appeal from the district court's decision dismissing his complaint, without prejudice, for lack of subject matter jurisdiction. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Asserting that he had exhausted administrative remedies, Willie C. Feaster filed his complaint and alleged that defendant Social Security Administration "damage[d] his living mode" by converting F.I.C.A. taxes through improper billing. He sought to invoke the jurisdiction of the court under the Federal Tort Claims Act or, alternatively, under 42 U.S.C. Sec. 405(g). Feaster cited also to Title XIX Section 1903-1905. He requested injunctive and monetary relief.
 
 
 4
 The matter was submitted to a magistrate with the consent of the parties pursuant to 28 U.S.C. Sec. 636(c). The magistrate determined that the district court lacked jurisdiction over the claims and dismissed the complaint without prejudice.
 
 
 5
 Upon review, we conclude the district court properly dismissed Feaster's suit for lack of subject matter jurisdiction.
 
 
 6
 Feaster purported to file his claim pursuant to 42 U.S.C. Sec. 405(g). This section however only provides the district court with jurisdiction to review "a final decision of the Secretary." 42 U.S.C. Sec. 405(g); see Califano v. Sanders, 430 U.S. 99, 108 (1977). It appears from the record that, at the time Feaster filed the complaint, his request for an administrative remedy was pending. Because Feaster's claims for injunctive and monetary relief did not seek review of the final agency decision, the court lacked jurisdiction under Sec. 405(g).
 
 
 7
 Similarly, the district court lacked jurisdiction to consider Feaster's claims under the Federal Tort Claims Act. See 28 U.S.C. Secs. 2674 and 2675. Finally, Feaster cited no other relevant statute granting jurisdiction to the district court.
 
 
 8
 Accordingly, the motion for appointment of counsel is denied. The magistrate's decision dismissing the complaint without prejudice is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation